COURT OF 
APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-199-CV
  
  
STATE 
OF TEXAS                                                                  APPELLANT
   
V.
  
ALTON 
G. NEW                                                                        APPELLEE
  
  
------------
 
FROM 
THE 141ST DISTRICT COURT OF TARRANT COUNTY
 
------------
 
OPINION
 
------------
        The 
State of Texas, Appellant, appeals the trial court’s judgment holding that as 
a matter of law Appellee Alton G. New’s retirement benefits received are not 
post-injury earnings (PIE). Because we also hold that as a matter of law New’s 
retirement benefits are not PIE, we affirm the trial court’s judgment.
Brief Facts
        On 
March 2, 2000, after more than fifteen years of employment with the Texas 
Department of Transportation, New sustained a compensable injury to his lower 
back and neck. From January 17, 2001 until he reached maximum medical 
improvement on January 21, 2003, New received workers’ compensation indemnity 
and medical benefits to compensate him for his injury. On September 30, 2001, 
during the time he was receiving workers’ compensation benefits, New became 
eligible for and began receiving retirement benefits.
        Because 
the State and New were unable to reach an agreement regarding New’s average 
weekly wage (AWW) and whether the retirement benefits received during the time 
he was receiving compensation were PIE, the Texas Workers Compensation 
Commission (TWCC) held a contested case hearing to resolve these issues. The 
hearing officer determined that New’s AWW was $598.23 and that the retirement 
benefits New received were not tied to the provision of personal services, but 
instead are related to past services; thus, they were not PIE. The State then 
appealed the hearing officer’s decision—that retirement benefits were not 
PIE—to the TWCC appeals panel. The State, however, did not contest New’s AWW. 
The appeals panel affirmed the hearing officer’s decision, stating that it saw 
“no merit in the assertion that retired pay is a ‘fringe benefit.’”
        The 
State appealed the appeals panel decision to the trial court. Both New and the 
State filed motions for summary judgment. In his motion for summary judgment, 
New argued that as a matter of law retirement benefits are not PIE. In its 
motion, the State argued that as a matter of law retirement benefits are PIE. 
The trial court granted New’s motion for summary judgment and denied the 
State's. The State now appeals, arguing that the trial court erred by granting 
New’s motion for summary judgment.
Standard of 
Review
        In 
a summary judgment case, the issue on appeal is whether the movant met his 
summary judgment burden by establishing that no genuine issue of material fact 
exists and that the movant is entitled to judgment as a matter of law.[1]  The burden of proof is on the movant, and all doubts 
about the existence of a genuine issue of material fact are resolved against the 
movant.[2]  Therefore, we must view the evidence 
and its reasonable inferences in the light most favorable to the nonmovant.[3]
        In 
deciding whether there is a material fact issue precluding summary judgment, all 
conflicts in the evidence are disregarded and the evidence favorable to the 
nonmovant is accepted as true.[4]  Evidence that 
favors the movant's position will not be considered unless it is uncontroverted.[5]
        The 
summary judgment will be affirmed only if the record establishes that the movant 
has conclusively proved all essential elements of the movant's cause of action 
or defense as a matter of law.[6]
        When 
both parties move for summary judgment and the trial court grants one motion and 
denies the other, the reviewing court should review both parties’ summary 
judgment evidence and determine all questions presented.[7]  
The reviewing court should render the judgment that the trial court should have 
rendered.[8]
        Furthermore, 
the commission’s interpretation of its own regulations is entitled to 
deference by the courts, and our review is limited to determining whether the 
administrative interpretation is plainly erroneous or inconsistent with the 
regulation.[9]
Post-Injury 
Earnings
        In 
its sole issue on appeal, the State argues that the trial court erred by holding 
that as a matter of law retirement benefits are not PIE and therefore may not be 
deducted from the amount of temporary income benefits (TIB) the State is 
required to pay New.  We disagree.
        The 
amount of TIB is determined by subtracting the PIE from the employee’s AWW.[10]  The Labor Code defines wages under the Texas 
Workers’ Compensation Act as “all forms of remuneration payable for a given 
period to an employee for personal services.  The term includes the market 
value of board, lodging, laundry, fuel, and any other advantage that can be 
estimated in money that the employee receives from the employer as part of the 
employee’s remuneration.”[11]  Thus, the 
employee’s total benefit package that can be momentarily calculated is 
included in his “wage” when calculating AWW. Furthermore, the Texas 
Administrative Code states:
   
(c) PIE shall include, but not be limited to, the documented weekly amount of:
 
(1) 
all pecuniary wages paid to the employee after the date of injury including 
wages based on work preformed while on modified duty and pecuniary fringe 
benefits which are paid to the employee whether the employee has returned to 
work or not;
 
(2) 
any employee contribution to benefits such as health insurance that the employee 
normally pays but that the employer agrees to pay for the employee in order to 
continue the benefits (which does not include the portion of the benefits that 
the employer normally pays for);
 
(3) 
the weekly amount of any wages offered as part of a bona fide job offer which is 
not accepted by the employee which the insurance carrier (carrier) is permitted 
to deem to be PIE under § 129.6 of this title (relating to Bona Fide Offers of 
Employment);
 
(4) 
the value of any full days of accrued sick leave or accrued annual leave that 
the employee has voluntarily elected to use after the date of injury;
 
(5) 
the value of any partial days of accrued sick leave or accrued annual leave that 
the employee has voluntarily elected to use after the date of injury that, when 
combined with the employee’s TIBs, exceeds the AWW; and
 
(6) 
any monies paid to the employee by the employer as salary continuation based on:
 
(A) 
a contractual obligation between the employer and the employee including through 
a collective bargaining agreement;
 
        (B) 
an employer policy; or
 
        (C) 
a written agreement with the employee.
 
        (d) 
PIE shall not include:
  
(1) 
any non-pecuniary wages paid to the employee by the employer after the injury;
 
(2) 
any accrued sick leave or accrued annual leave that the employee did not 
voluntarily elect to use;
 
(3) 
any wages paid by the employer as salary supplementation as provided by Texas 
Labor Code, § 408.003(a)(2);
 
(4) 
any moneys paid by the employer which would otherwise be considered PIE under 
subsection (c) of this section but which the employer attempts or intends to 
seek reimbursement from the employee or carrier; or
 
(5) 
any money paid to an employee under an indemnity disability program paid for by 
the employee separate from workers’ compensation.[12]
 
  
        The 
term “fringe benefits” is not defined in the Labor Code under the Texas 
Workers’ Compensation Act. The State, however, argues that the definition 
provided in the Labor Code under the Texas Unemployment Compensation Act 
applies.[13]  Under that definition, retirement 
benefits are fringe benefits.[14] Although the Texas 
Unemployment Compensation Act defines fringe benefits, fringe benefits is not 
defined in the Labor Code under the Texas Workers’ Compensation Act. The 
definition relied on by the State only applies to the Shared Work Unemployment 
Compensation Program chapter of the Texas Unemployment Compensation Act,[15] and this definition is not controlling in workers’ 
compensation cases.
        In 
this issue of first impression, we must therefore determine whether retirement 
benefits are pecuniary fringe benefits that should be considered PIE. Although 
no Texas appellate courts have addressed this issue, several TWCC appeals panels 
have addressed the issue.[16]  These appeals 
panels state that fringe benefits deal with compensation for personal services.[17]  Furthermore, the panels state that retirement pay 
is related to past services and not tied to personal service.[18]  
Therefore, the TWCC panels’ decisions have found no merit in the assertion 
that retirement pay is PIE.[19]
        Consequently, 
because the Texas Workers’ Compensation Act does not define fringe benefits, 
and because the TWCC appeals panels’ conclusions that (1) fringe benefits deal 
with compensation for personal services, (2) retirement pay is related to past 
services and not tied to personal service, and (3) retirement pay is not PIE are 
not plainly erroneous or inconsistent with Texas Administrative Code section 
129.2, we must, as the trial court was obligated to do, give deference to the 
TWCC’s interpretation of its own rule.[20]
        Therefore, 
after review of the record under the proper standards,[21] 
we hold as a matter of law that retirement benefits are not fringe benefits for 
purposes of determining PIE.  Consequently, the trial court did not err by 
holding that retirement benefits are not PIE.  We overrule the State’s 
issue and affirm the trial court’s judgment.
  
   
                                                                  LEE 
ANN DAUPHINOT
                                                                  JUSTICE
   

 
PANEL B:   LIVINGSTON, 
DAUPHINOT, and MCCOY, JJ.
DELIVERED: 
February 17, 2005


NOTES
1.  
Tex. R. Civ. P. 166a(c); S.W. 
Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002); City of Houston 
v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979).
2.  
S.W. Elec. Power Co., 73 S.W.3d at 215; Sci. Spectrum, Inc. v. 
Martinez, 941 S.W.2d 910, 911 (Tex. 1997); Great Am. Reserve Ins. Co. v. 
San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex. 1965).
3.  
Great Am., 391 S.W.2d at 47.
4.  
Harwell v. State Farm Mut. Auto. Ins. Co., 896 S.W.2d 170, 173 (Tex. 
1995).
5.  
Great Am., 391 S.W.2d at 47.
6.  
Clear Creek Basin, 589 S.W.2d at 678.
7.  
FM Props. Operating Co. v. City of Austin, 22 S.W.3d 868, 872 (Tex. 
2000).
8.  
Id.
9.  
See Pub. Util. Comm’n of Tex. v. Gulf States Util., 809 S.W.2d 201, 207 
(Tex. 1991); Albertson’s Inc. v. Sinclair, 984 S.W.2d 958, 961 (Tex. 
1999); Continental Cas. Co. v. Rivera, 124 S.W.3d 705, 710 (Tex. 
App.—Austin 2003, pet. denied) (stating that an administrative agency has the 
power to interpret its own rules, and its interpretation is entitled to great 
weight and deference).
10.  
28 Tex. Admin. Code § 129.3(d) 
(1999) (Tex. Workers’ Comp. Comm’n, Amount of Temporary Income Benefits).
11.  
Tex. Lab. Code Ann.§ 401.011(43) 
(Vernon Supp. 2004-05).
12.  
28 Tex. Admin. Code §129.2(c)-(d) 
(1999) (Tex. Workers’ Comp. Comm’n, Entitlement to Temporary Income 
Benefits).
13.  
See Tex. Lab. Code Ann. § 
215.001(2) (Vernon 1996).
14.  
Id.
15.  
See id. § 215.001.
16.  
See, e.g., Appeals Panel No. 012361, 2001 WL 1602447, at *2 (Tex. 
Workers’ Comp. Comm’n Nov. 19, 2001); Appeals Panel No. 93404, 1993 WL 
266690, at *4 (Tex. Workers’ Comp. Comm’n July 8, 1993).
17.  
See, e.g., Appeals Panel No. 012361, 2001 WL 1602447, at *2; 
Appeals Panel No. 93404, 1993 WL 266690, at *4.
18.  
See, e.g., Appeals Panel No. 012361, 2001 WL 1602447, at *2; 
Appeals Panel No. 93404, 1993 WL 266690, at *4.
19.  
See, e.g., Appeals Panel No. 012361, 2001 WL 1602447, at *2; 
Appeals Panel No. 93404, 1993 WL 266690, at *4.
20.  
See Gulf States Util., 809 S.W.2d at 207; Sinclair, 984 S.W.2d at 
961; see also 24 Tex. Reg. 11420, 11421 (1999) (explaining in the 
preamble for section 129.2 that “[t]he requirements of this rule are 
essentially the same methodology used by the Commission in enforcement actions 
for the past several years”).
21.  
See Tex. R. Civ. P. 
166a(c); S.W. Elec. Power Co., 73 S.W.3d 211; FM Props. Operating Co., 
22 S.W.3d at; see also Gulf States Util., 809 S.W.2d at 207; Sinclair, 
984 S.W.2d at 961; Rivera, 124 S.W.3d at 710.